GOLUBICH, APPELLEE, v. FLOWERS, ADMR., BUREAU OF
WORKMEN'S COMPENSATION ET AL., APPELLANTS.

[Cite as Golubich v. Flowers (1971), 29 Ohio App. 2d 280.]

(No. 5061—Decided October 13, 1971.)

*Mr. Robert E. Tablack* and *Mr. Nicholas P. Wellman,*
for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Nino
A. Sferrella,* for appellant.

JOHNSON, J. This cause arises out of an application
for compensation from the Workmen's Compension Fund
of Ohio for injuries sustained by the plaintiff, appellee
herein, an employee of Murray Roofing & Sheet Metal Co.

The claim was rejected by the Bureau of Workmen's
Compensation at all levels and was finally heard on appeal from said rejection by the Common Pleas Court of
Mahoning County, where participation in the fund was
allowed by the trial court.

From this decision the Administrator appeals and assigns as one of his errors a lack of jurisdiction in the trial court for the reason that a timely notice of appeal was not filed with the commission pursuant to the provisions of R. C. 4123.519. In pertinent part, R. C. 4123.519 reads:

"* * * Notice of * * * appeal shall be filed by the appellant with the commission and the court of common pleas within sixty days after the date of the receipt of the decision appealed from * * *. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court. * * *"

The contention of the defendants, appellants herein, is that the appeal to be filed with the Commission must be filed in its Columbus office within the time prescribed by law. The appeal herein was filed within the sixty day period permitted by statute at the Youngstown office of the Industrial Commission of Ohio, located in the Realty Building at Youngstown, Ohio.

Revisions in the Workmen's Compensation statutes enacted in 1955 attempted to, among other things, decentralize the functions of the Commission which prior to such revisions were generally conducted at its office in Columbus, Ohio. Since that time, claims have been heard and determined in areas nearest to where an injured claimant resides. This is for the convenience of claimants, as evidenced by R. C. 4123.511.

The evidence discloses that the notice of appeal was timely filed by attorney Robert Tablack with the Youngstown office. Absent other contra evidence, as an officer of the court, we must and do accept attorney Tablack's statement as correct.

The fact that the Commission in Columbus failed to receive notice of said filing within the prescribed time might well call for a change in communication procedures within the internal functioning of its system, but such failure is no justification for denying appellate jurisdiction to a common pleas court when a notice has been timely filed

with the Commission at its nearest office and with such court.

We have considered the other assignments of error and find that claimant's injury did occur while in the scope and course of his employment, and, therefore, overrule them.

Accordingly, the judgment of the trial court is, in all respects, affirmed.

*Judgment affirmed.*

O'NEILL, P. J., and LYNCH, J., concur.